UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARE LAND, LLC,

    Plaintiff,

v.                                                    Case No:   2:21-cv-111-JLB-MRM

US ARMY CORPS OF ENGINEERS
JACKSONVILLE DISTRICT, a subdivision
of the UNITED STATES OF AMERICA,

    Defendant.

## ORDER

In 2017, Clare Land, LLC took title to certain real property in Lee County, Florida. (Doc. 23-1 at 3–4.) But the United States claims to have obtained an easement on that same land in 1935. (See id. at 1–2.) Clare Land thus sues under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. (Doc. 23.) The United States moves to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Doc. 28.) It argues that the QTA's statute of limitations, which purportedly began in 1935, bars Clare Land's claims. As the Court will explain, some of Clare Land's allegations may not allege a waiver of sovereign immunity or state a claim under the QTA. But other portions of its pleading do both. That said, the United States has raised arguments casting doubt over the Court's jurisdiction and it may therefore renew its jurisdictional argument, if appropriate. Accordingly, the motion to dismiss (Doc. 28) is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

This dispute, as will become clear, turns on the validity of a deed that Clare Land attaches to its Amended Complaint ("Complaint"). (Doc. 23-1 at 1–2.) Dated November 13, 1935, the deed is an almost entirely typewritten document granting the United States a perpetual right to deposit dredged material on the subject property ("Spoil Easement"). (Id. at 1.) The Grantor's signature—R.V. Lee, Inc., through its president, R.V. Lee—as well as those of three witnesses, one of whom acted as a notary public and notarized the Spoil Easement, are all typed. (Id. at 2.) Likewise, R.V. Lee's and the notary public's seals are typed as "(SEAL)" and "Notary Seal," respectively. (Id.) The only handwritten signature is that of "W.L. Draughon [Deputy Clerk], Clerk Circuit Court," who "[f]iled and duly recorded" the Spoil Easement on December 4, 1935. (Id.) A handwritten notation reading "Misc. Book 17" is at the top of the Spoil Easement. (Id. at 1–2.)

Clare Land alleges that the Spoil Easement is void because it: (1) fails to "provide a complete and clear legal description of the property"; (2) "is unsigned by the grantor or the witnesses"; and (3) lacks the necessary corporate seal. (Doc. 23 at 5–6, ¶¶ 12–13.)[1] Clare Land also claims it took title to the subject property without notice of the Spoil Easement. (Doc. 23 at 7–8, ¶ 16.) Clare Land concedes

---

[1] To have been valid in 1935, under section 5660, Compiled General Laws of Florida (1927), the conveyance generally must have been "by deed, signed, sealed and delivered in the presence of at least two subscribing witnesses." But, under section 5672, a corporation may have conveyed an interest in real property without witnesses so long as the deed was sealed with a common or corporate seal and signed by its president. See Adams v. Whittle, 135 So. 152, 154 (Fla. 1931).

that the Spoil Easement was recorded in Lee County's "Official Miscellaneous Record Book." (Id. at 9, ¶ 22.A.) Even still, it maintains that recordation did not provide notice because "the Spoil Easement fails to include a full and accurate description of the land in which the alleged Easement was to attach to." (Id. at 7–8, ¶ 16.)

Clare Land, moreover, argues that the Spoil Easement is void because of the "purchase/acquirement of land adjoining" the subject property, "which by action of law makes the easement no longer viable, and therefore there is no longer a legal and purposeful interest" of the United States "which should show in the Public records of Lee County." (Id. at 9, ¶ 22.A.) The structure of the Complaint makes these allegations difficult to follow.[2] As best the Court can discern with the limited information before it, the South Florida Water Management District bought land directly abutting the property subject to the Spoil Easement. (See id. at 17–18, ¶¶ 40, 43–44.) Relying on 33 U.S.C. § 558b and Fla. Stat. § 253.03(10)(a)(1)–(2), Clare Land alleges that the United States can no longer use the Spoil Easement for its intended purpose on Clare Land's property. (See id. at 16–17, ¶¶ 41–42.)[3]

---

[2] Though Clare Land generally references these allegations in its claim against the United States, (see Doc. 23 at 9, ¶ 22.A.), the specifics are found in its claim against the South Florida Water Management District ("District") (see id. at 15–24). Clare Land voluntarily dismissed its claim against the District but did not amend its pleading. (See Docs. 41, 45.) In all events, the United States construes the specific allegations Clare Land makes against the District as equally applicable to it. (See Doc. 28 at 8 n.4.)

[3] Clare Land fails to address the United States' dismissal argument as to these statutory allegations. (Doc. 28 at 8–12, 17–18). Thus, the Court need not explore those allegations at length. See Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007); cf. Resolution Tr. Corp. v. Dunmar Corp., 43

For these reasons, Clare Land seeks to quiet its title (Count I) and asks the Court for a declaration that the Spoil Easement is "defective and void" (Count II). (Id. at 3–12; id. at 15, ¶ 36.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

F.3d 587, 599 (11th Cir. 1995). The Court simply notes that these allegations seemingly fail to create a title dispute under the QTA, necessary to state a claim and confer jurisdiction, because neither statute purports to divest the federal government of a property interest it may have obtained through a private conveyance. See generally F.E.B. Corp. v. United States, 818 F.3d 681, 688 (11th Cir. 2016) (discussing why federal statute did not divest federal government of property interest); Chicago Title Ins. Co. v. Fla. Inland Navigation Dist., 635 So. 2d 104, 105 (Fla. 4th DCA 1994) (holding that Florida statute did not divest the United States of its rights in a perpetual easement under Article IV, Section 3, clause 2 of the United States Constitution which grants "Congress the power to legislate disposition of property of the United States"); see also Utah Power & Light Co. v. United States, 243 U.S. 389, 404 (1917); Nourachi v. United States, 632 F. Supp. 2d 1101, 1112–13 (M.D. Fla. 2009) (granting summary judgment in part and in favor of the United States on a substantially similar argument in a QTA action).

The QTA is a waiver of sovereign immunity and "provide[s] the exclusive means by which adverse claimants [may] challenge the United States' title to real property." Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 286 (1983). It has a twelve-year statute of limitations which begins when "the plaintiff or [its] predecessor in interest knew or should have known of the claim of the United States" in the land at issue. See 28 U.S.C. § 2409a(g). Put differently, the "statute of limitations is triggered as soon as a plaintiff acquires actual or constructive notice of the government's claim." F.E.B. Corp. v. United States, 818 F.3d 681, 692 (11th Cir. 2016) (citing 28 U.S.C. § 2409a(g)). "The Supreme Court has twice concluded that, because the statute of limitations circumscribes the scope of the QTA's waiver of sovereign immunity, compliance with the limitations period is jurisdictional." Id. at 685 (citing United States v. Mottaz, 476 U.S. 834, 841 (1986); Block, 461 U.S. at 292).

The Supreme Court has also "consistently held that state law governs issues relating to . . . real property, unless some other principle of federal law requires a different result." Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co., 429 U.S. 363, 378 (1977). To that end, while the QTA is interpreted under principles of federal law, applicable state law helps define when a plaintiff knew or should have known of the United States' claim. See Bank One Texas v. United States, 157 F.3d 397, 403 (5th Cir. 1998). Thus, "while [f]ederal courts may properly look to state law as an aid in determining the application of statutory language to specific facts, such state law should be [c]ompatible with the purpose of

[the federal legislation so as] to find the rule that will best effectuate the federal policy." Vincent Murphy Chevrolet Co., Inc. v. United States, 766 F.2d 449, 451 (10th Cir. 1985) (internal quotations and citation omitted).

"[A]s a matter of federal law, . . . a party 'should have known' of a claim of the United States at the time [it] was clearly and properly imputed with constructive notice of that claim under local recording statutes." Amoco Prod. Co. v. United States, 619 F.2d 1383, 1388 (10th Cir. 1980). In Florida, "'[c]onstructive notice' is the inference of such knowledge by operation of law, as under a recording statute." Soknoh Partners, LLC v. Audio Visions S., Inc., 319 So. 3d 175, 179 (Fla. 2d DCA 2021) (quotation omitted).

## DISCUSSION

**I.   The Complaint's allegations defeat the United States' facial attack**.

The United States asserts that it is bringing a facial attack to Clare Land's pleading. (Doc. 28 at 4.) Under a facial attack, the Complaint's allegations are taken as true and the Court merely looks to "see if [Clare Land] has sufficiently alleged a basis of subject matter jurisdiction." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Clare Land alleges that it owns real property in fee simple to which the United States claims an interest. (See, e.g., Doc. 23 at 10–11, ¶ 23.) The parties dispute the validity of the United States' Spoil Easement and, because of these allegations, also dispute when Clare Land had notice of the United States' claim. (Id. at 7–8, ¶ 16.) Taken as true, "these pleadings . . . survive a

facial attack." McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999) (addressing allegations subject to a facial attack in a QTA action).

For example, the United States argues that "Clare Land's predecessor in interest was aware of the United States' easement in 1935 as demonstrated by the deed attached to Clare Land's amended complaint." (Doc. 28 at 13.) But this unsupported conclusion presupposes the Spoil Easement's validity (i.e., that R.V. Lee, Inc. actually executed the conveyance and in a legally sufficient manner). Similarly, the United States cites authority suggesting that a typed name or mark may constitute a legally sufficient signature or seal if the signor intended or adopted it as such. (See id. at 7–8.) While that may be true, it offers no evidence confirming that to be the situation here. As a result, the United States' argument must give way to the Complaint's allegations challenging whether "there was an actual grant" in 1935. (Doc. 23 at 7–8, ¶ 16.)

Notably, the United States does not argue that Clare Land itself had actual knowledge of the Spoil Easement. Indeed, Clare Land alleges that "[s]ince the time that the easement was placed on the property, the easement has never been used." (Id. at 16, ¶ 40.) The United States instead argues that "Clare Land had constructive notice of the deed through the Lee County Clerk of Court." (Doc. 28 at 13.) Generally speaking, though, a void deed cannot trigger the QTA's limitations period because it cannot provide constructive notice in Florida, even if recorded. See Wright v. Blocker, 198 So. 88, 90 (Fla. 1940); Reed v. Fain, 145 So. 2d 858, 864 (Fla. 1961) (on rehearing); cf. Amoco Prod. Co., 619 F.2d at 1388–89 (finding no

constructive notice from a deed that may not have been entitled to recordation under Utah law).[4]  Here, Clare Land alleges that the Spoil Easement was void because it was not signed, sealed, or witnessed.  (Doc. 23 at 5–6, ¶¶ 12–13.)  Those allegations, taken as true as alleged in the complaint and appearing on the face of the Spoil Easement, defeat the United States' constructive notice argument at this juncture.

Moreover, Clare Land alleges that the Spoil Easement was recorded in Lee County's "Official Miscellaneous Record Book."  (Doc. 23 at 9, ¶22.A.)  In its response, Clare Land expands on this and argues that the Spoil Easement "was not even properly recorded in the Official Lee County Deed Book."  (Doc. 32 at 2.)  Clare Land disputes whether such an allegedly improper recordation can provide constructive notice.  (See id. at 2–3.)

---

[4] The Court looks to Clare Land's allegations about the typewritten nature of the Spoil Easement to support the conclusion that the Spoil Easement may be void, not its contentions over the property's legal description.  "To effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed."  Mendelson v. Great W. Bank, F.S.B., 712 So. 2d 1194, 1196 (Fla. 2d DCA 1998).  "Florida follows a liberal policy in this regard.  The rule is that a description is sufficient if, by relying on the description read in light of all facts and circumstances referred to in the instrument, a surveyor could locate the land."  Id. (emphasis in original) (citations omitted).  Clare Land alleges that the "legal description on the alleged easement does not list the tract of land, the parcel number, nor does it list the name of the grantor."  (Doc. 23 at 13, ¶ 30.a.)  That allegation appears to reference certain blanks throughout the typewritten document (see Doc. 23-1 at 1) because the legal description of the property in the Spoil Easement seems nearly identical to the legal description in Clare Land's warranty deed (compare id., with id. at 3).  In all events, because the typewritten nature of the document supports Clare Land's allegations of voidness, the property description is immaterial at this early stage in the litigation.

When the Spoil Easement was recorded in 1935, Florida required the clerk of court to maintain separate books for different records. Fla. Rev. Gen. Stat. § 1832 (1917). One such book was a record of deeds "in which [the clerk] shall record all deeds . . . and all agreements relating to conveyance of land which may be in form entitled to record." Id. Thus, if the Clerk failed to record the Spoil Easement in the deed book, recordation in the Miscellaneous Record Book may not have provided constructive notice of the Spoil Easement. See Spellman v. Beeman, 70 So. 589, 590 (Fla. 1915); see also Ivey v. Dawley, 39 So. 498, 499 (Fla. 1905) (discussing statute "requiring the clerk to record mortgages in [a] specifically designated record book in order to give constructive notice of their existence"); cf. Curry v. Lehman, 49 So. 673 (Fla. 1909); Cawthon v. Stearns Culver Lumber Co., 53 So. 738, 739 (Fla. 1910). Considering this uncertainty, the Court is not prepared at this early stage of litigation to find that Clare Land should have known of the United States' claim, solely because of recordation, if the Spoil Easement was recorded in the incorrect book. See Amoco Prod. Co., 619 F.2d at 1388–89.

The Court, for these reasons, finds that Clare Land has plausibly alleged a waiver of the United States' sovereign immunity and stated a QTA claim. Moreover, the United States fails to show that Clare Land knew or should have known about the allegedly void and improperly recorded Spoil Easement. Its facial challenge thus fails in its motion to dismiss.

## II.     The United States May Bring a Factual Attack.

While the United States' motion to dismiss is due to be denied, the Court emphasizes that the jurisdictional argument fails on the record now before the

Court. A "factual attack," unlike a facial attack, "challenges the existence of subject matter jurisdiction irrespective of the pleadings." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021). In evaluating a factual attack, the Court "may consider extrinsic evidence such as testimony and affidavits," Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003), and the Court is "free to weigh the facts" without viewing them in a light most favorable to the plaintiff, Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).

Based on the amount of briefing dedicated to the issue, the parties seem to believe that the typewritten document is the original Spoil Easement. Yet the United States in its reply, for the first time, changes its position and asserts that the Spoil Easement attached to Clare Land's Complaint is but a typewritten copy. (See Doc. 46 at 2–3.) "Upon information and belief," the United States seeks to "explain the recording process of the Lee County Clerk in 1935." (Id. at 2.) It maintains that "the clerk's office would receive an original deed from parties to a conveyance. The clerk's office would then create a typewritten copy of the deed before sending the original back to the individual who had provided it." (Id. at 2–3.) The United States also attaches a photograph of what seems to be the "Official Miscellaneous Record Book's" handwritten index, albeit for "illustrative purposes only." (Id. at 4 n.1; Doc. 46-1 at 1.) The book's spine reads "Miscellaneous Record of Deeds." (Doc. 46-1 at 1 (emphasis added).)

This is all to say, if there is evidence outside the existing, limited record before this Court which demonstrates the validity of the Spoil Easement and whether it was properly recorded, the United States may bring such facts to the Court's attention through a factual attack on subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1) & 12(h)(3); accord Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998) ("Questions of subject matter jurisdiction may be raised . . . at any time during the pendency of the proceedings." (quotation omitted)).

But, given that Clare Land's pleading establishes jurisdiction on its face, the United States' motion to dismiss (Doc. 28) is **DENIED WITHOUT PREJUDICE** to the United States' ability to renew its jurisdictional argument, if appropriate.

**ORDERED** at Fort Myers, Florida, on March 8, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE